# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:16-cr-038
                                              Also 3:20-cv-221

                                              District Judge Thomas M. Rose
- vs -                                    Magistrate Judge Michael R. Merz

RODERICK A. BROWN,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255, brought *pro se* by Defendant Brown on June 4, 2020 (ECF No. 41).[1] As with all collateral attakcs on criminal judgments filed at Dayton, the Motion to Vacate is referred to the undersigned under General Order Day 13-01. Brown seeks relief from his conviction under *United States v. Davis*, 139 S. Ct. 2319 (June 24, 2019).

The Motion to Vacate is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the

---

[1] Although the Clerk did not receive and docket the Motion until June 8, 2020, Defendant is entitled to have the date of his signature count as the date of filing, at least for statute of limitations purposes. . *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The same rule applies to filing a petition for writ of habeas corpus or § 2255 motion to avoid the statute of limitations. *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

1

> record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

**Litigation History**

Defendant Roderick Brown waived his Fifth Amendment right to indictment in this case and agreed to proceed by way of information. An Information was filed March 15, 2016 (ECF No. 26). Count One and Two charged Brown with armed bank robbery of two separate financial institutions in violation of 18 U.S.C. § 2113(d). Count Three charged that Brown, on or about September 15, 2015,

> knowingly used, carried and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States - namely, armed bank robbery, in violation of Title 18, United States Code, Section 2113(d).
>
> In violation of Title 18, United States Code, Sections 924 (c)(1)(A)(ii).

*Id.* at PageID 52.

On April 19, 2016, Brown entered into a Plea Agreement with the United States in which he agreed to plead guilty to all three counts in the Information (ECF No. 28). The Agreement recites that the total maximum punishment for the offense of conviction was "at least 7 years and up to a lifetime of imprisonment plus fifty years imprisonment" plus supervised release and monetary penalties." *Id*. at PageID 56. Nonetheless, the parties agreed that a sentence of time served up to eighty-four months would be appropriate for the bank robbery charges and the mandatory minimum of eighty-four months for the § 924(c) conviction. *Id.* at PageID 56-57. Judge Rose accepted the plea

agreement and, after a presentence investigation, sentenced Brown to 120 months' imprisonment, well within the agreed range (Judgment, ECF No. 39). Brown took no appeal; his first post-judgment filing is the instant Motion to Vacate.

Brown spends considerable effort arguing that Davis created a new substantive rule applicable to cases on collateral review. The Sixth Circuit has recently decided he is correct:

> *Davis* established a "new rule" because its "result was not dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 568 U.S. 342, 347, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013). The spirited dissent in *Davis* and the circuit split that predated it suggest that precedent did not dictate the decision.
>
> Ordinarily, lower courts do not apply a new rule announced by the Supreme Court retroactively to cases on collateral review until the Court has announced the rule's retroactive effect. *Tyler v. Cain*, 533 U.S. 656, 664, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001). That comes with a narrow exception. Lower courts may determine on their own the retroactivity of new rules when "[m]ultiple cases . . . necessarily dictate the retroactivity of the new rule." *Id* at 664.
>
> The exception applies here. The Supreme Court's decision in *Welch v. United States*, 136 S. Ct. 1257, 1264-65, 194 L. Ed. 2d 387 (2016), establishes the retroactivity of *Davis*. *Welch* explained that decisions announce a substantive rule and are thus retroactive when they "alter[] the range of conduct . . . that the law punishes." *Id*. That occurred in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), because it "changed the substantive reach of the Armed Career Criminal Act." *Welch*, 136 S. Ct. at 1265; see id. at 1264 ("[N]ew substantive rules generally apply retroactively." (quoting *Schriro v. Summerlin,* 542 U.S. 348, 351, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004))). So too in *Davis*, where the Court narrowed § 924(c)(3) by concluding that its second clause was unconstitutional. 139 S. Ct. at 2336.

*In re Franklin,* 950 F.3d 909, 910 (6th Cir. 2020). Brown is also correct that because Davis announced a new rule of constitutional law, to wit, that 18 U.S.C. § 924(c) 18 U.S.C. §

3

924(c)(3)(B)'s definition of a crime of violence (the "residual" clause") is unconstitutionally vague, his Motion to Vacate is timely because filed within one year of the *Davis* decision on June 24, 2019.

If Brown's conviction depended on § 924(c)(3)(B), he would be entitled to have his conviction on Count Three of the Information vacated. However, his conviction is not based on § 924(c)(3)(B), the "residual clause," but on § 924(c)(3)(A), the elements clause. The § 924(c) charge to which Brown pleaded guilty accused him of brandishing a firearm in the course of committing a federal crime of violence, armed bank robbery in violation of 18 U.S.C. § 2113(d). That section provides:

> (d) Whoever, in committing, or attempting to commit, an offense defined in subsections (a) and (b) of this section assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoner not more than  twenty-five years.

The Sixth Circuit has recently bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A).

> [T]he holding in Davis has no effect on Wilkerson's convictions or sentence because § 2113(a) qualifies as a crime of violence under the use-of-force clause of 18 U.S.C. § 924(c)(3)(A)[the "elements' clause]. See *United States v. Henry,* 722 F. App'x 496, 500 (6th Cir. 2018), cert. denied, 139 S. Ct. 70, 202 L. Ed. 2d 47 (2018); see also *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (analyzing the use-of-force clause of USSG § 4B1.2(a)(1)).

*In re Wilkerson,* 2020 U.S.App. LEXIS 14511 *2-3(6th Cir. May 6, 2020).

Lest there be an argument that the threatened use of deadly force in this case was merely hypothetical or conjectural, in the Statement of Facts attached to the Plea Agreement, Brown admitted that on September 30, 2015, he entered the Main Source Bank in  Clayton, Ohio,

4

"approached the bank's manager and pointed a loaded, functioning handgun at the manager's head." (ECF No. 28, PageID 60).

In support of his argument that the elements clause is also unconstitutional because it cannot be severed from the residual clause, Brown relies on *Carter v. Carter Coal Co.*, 298 U.S. 238 (1936), and *Pollock v. Farmers' Loan & Trust Co.,* 157 U.S. 429 (1895). In *Carter* the Supreme Court declared the Bituminous Coal Conservation Act of 1935, an important New Deal statute, to be unconstitutional because coal mining was not part of commerce in a constitutional sense. *Carter* is no longer good law on this point. *Wickard v. Filburn*, 317 U.S. 111, 128-29 (1942). *Pollock* declared the income tax unconstitutional and was overruled by the Sixteenth Amendment. Assuming that *Carter* is still good law on the severance question, it is completely distinguishable from § 924(c): the elements clause is completely useable without the residual clause, whereas the Court found the price-fixing provisions of the Coal Act could not reasonably be separated from the wage-and-hours provisions. No case cited by Brown suggests that the elements clause cannot stand alone without the residual clause.

**Conclusion**

Upon initial review under Rule 4, the Magistrate Judge concludes the Motion to Vacate is without merit and should be denied on that basis. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability

and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 8, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.