# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,     :     Case No. 3:16-cr-038
                                          Also 3:20-cv-221

                                          District Judge Thomas M. Rose
  - vs -                                     Magistrate Judge Michael R. Merz

RODERICK A. BROWN,

           Defendant.    :

## DECISION AND ORDER

    This case is before the Court on Defendant's Resubmission of Objections (ECF No. 48-1) to the Magistrate Judge's Report and Recommendations recommending dismissal of Defendant's Motion to Vacate ("Report," ECF No. 42).

    Defendant's Objections as initially filed were timely, but submitted after counsel had been appointed to represent Defendant on his Motion to Vacate. They have now been re-submitted by counsel.

    Under Fed.R.Civ.P. 72(b)(3), the assigned District Judge is required to review *de novo* all portions of a Magistrate Judge's report and recommendations to which a party has objected. Having done so, the Court rules on the Defendant's objections in this decision. Brown makes three separate objections which will be considered in turn.

1

> **Objection One:** The Petitioner objects to the Magistrate's findings (in their entirety) reached theoretically 24 hours after § 2255 motion was filed in the Court and made in contrast to § 2255(a)(b), and (f).

(Objections, ECF No. 48-1, PageID 159.

In part Brown objects to the speed with which the Magistrate Judge acted in reviewing his § 2255 motion. Because the deadline for filing § 2255 motions for relief under *United States v. Davis*, 139 S. Ct. 2319 (2019), was June 24, 2020, the Court expected many such motions to be filed in June 2020, and made special provisions for them. This included a General Order for review of possible cases by the Federal Defender and appointment of counsel in appropriate cases, as was done in this case. Magistrate Judge Merz, who authored the Report, is a retired Magistrate Judge serving this Court on recall with his assignments limited to habeas corpus cases and *In re Ohio Lethal Injection Protocol Litig.*, the consolidated challenge by death row inmates to Ohio's method of execution. Because of this limitation on his assignments, he is able to remain current on the law applicable in habeas corpus and to review cases quickly as they are filed. It is not unusual for him to complete a Rule 4 report within days of a filing. The Court reviews those reports for substantive error and accords no weight to the fact that they are filed promptly.

Brown argues that the Report's reliance on Rule 4 of the Rules Governing § 2255 Cases does not properly take into account 28 U.S.C. § 2255(a) which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(Quoted at Objections, ECF No. 48-1, PageID 160). 28 U.S.C. § 2255 was adopted by Congress as part of the re-codification of the Judicial Code (Title 28) in 1948 to provide a substitute remedy for the general writ of habeas corpus. Because the respondent in a habeas case is the official who has custody of a petitioner, federal habeas cases were heavily concentrated in those judicial districts where federal prisons were located. § 2255 relocates the venue of federal habeas corpus cases to the district where the conviction was entered.

The Rules Governing § 2255 Cases, including Rule 4, were adopted by the United States Supreme Court under the authority of the Rules Enabling Act by which Congress has authorized the Supreme Court to adopt rules of procedure. 28 U.S.C. § 2072.

There is no conflict between Rule 4 and 28 U.S.C. § 2255. Subsection 2255(b) provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Rule 4 provides the mechanism by which a District Court determines, when a motion to vacate is filed, whether the records of the case "conclusively show that the prisoner is entitled to no relief." The Rule provides, consistent with § 2255(b), that the United States is not to be ordered to answer the motion unless it survives Rule 4 review. Of course, by means of the Court's electronic filing

system, the United States Attorney is provided with notice of the filing of a motion to vacate and may intervene if he or she decides to do so.

Brown's claim depends on *Davis, supra*. In that case the Supreme Court held that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)((B), the so-called "residual clause" was unconstitutionally vague. The Magistrate Judge read Brown's Motion as claiming that 18 U.S.C. § 924(c)(3)(A), the so-called "elements clause," was also unconstitutional because it could not be severed from § 924(c)(3)(B). Brown objects that that reading is incorrect, and that he "has never asserted that the elements clause was unconstitutional. . ." (Objections, ECF No. 48-1, PageID 161). Discounting the Report's analysis of *Carter v. Carter Coal Co.*, 298 U.S. 238 (1936), and *Pollock v. Farmers' Loan & Trust Co.,* 157 U.S. 429 (1895), on which Brown had relied, Brown objects that the "Magistrate missed a lot" because Brown is making a claim that § 924(c)(3)(B) is "overbroad" and the elements and residual clause are "interrelated."

The Supreme Court's decision in *Davis* contains no hint that the Supreme Court found the "elements" and "residual" clause so interrelated that the elements clause could not stand after the residual clause was invalidated. Brown relies on *United States v. Booker*, 543 U.S. 220 (2005), where the Supreme Court did sever the mandatory aspect of the Sentencing Guidelines as adopted in the Sentencing Reform Act from the substance of the Guidelines. *Booker* reinforces the proposition that a severance decision depends on evaluating whether Congress would have intended an entire statute to stand or fall if one portion is found unconstitutional. Brown points to no indication Congress would have wanted § 924(c) to stand or fall as a whole.

Brown also relies on *Broadrick v. Oklahoma*, 413, U.S. 601 (1973). In that case state employees of Oklahoma challenged a provision of the State's code restricting their political activity on grounds it was both unconstitutionally vague and overbroad. In its decision, the

Supreme Court distinguished between the vagueness and overbreadth doctrines. The Fourteenth Amendment prohibits any criminal statute that is so vague that it does not provide the ordinary citizen with adequate notice of what conduct is prohibited. *Broadrick*, 413 U.S. at 607, citing *Connally v. General Construction Co.*, 269 U.S. 385, 391 (1926); *Grayned v. City of Rockford,* 408 U.S. 104, 108-114 (1972); *Colten v. Kentucky,* 407 U.S. 104, 110-111 (1972); and *Cameron v. Johnson,* 390 U.S. 611, 616 (1968).

>The *Broadrick* Court stated the overbreadth doctrine as follows:
>
>>It has long been recognized that the First Amendment needs breathing space and that statutes attempting to restrict or burden the exercise of First Amendment rights must be narrowly drawn and represent a considered legislative judgment that a particular mode of expression has to give way to other compelling needs of society. *Herndon v. Lowry*, 301 U.S. 242, 258 (1937); *Shelton v. Tucker*, 364 U.S. 479, 488 (1960); *Grayned v. City of Rockford,* 408 U.S., at 116-117.

413 U.S. at 611-12.

The Supreme Court has held the overbreadth doctrine applies only to First Amendment claims, not Fourteenth Amendment. *United States v. Salerno*, 481 U.S. 739, 745 (1987); *Schall v. Martin*, 467 U.S. 253, 268 & n. 18 (1984); see also *Grendell v. Ohio Supreme Court,* 252 F. 3d 828, 834 (6th Cir. 2001); *Coleman v. Dewitt*, 282 F.3d 908 (6th Cir. 2002). The *Davis* Court invalidated § 24(c)(3)(B) only because it was unconstitutionally vague; *Davis* includes no discussion of overbreadth.

Nor does Brown have a cognizable overbreadth claim. He has not asserted that the enhanced penalty for use of a firearm in committing a crime of violence somehow infringes on his rights under the First Amendment. Nor could he reasonably make that claim.

Brown next relies on *Leocal v. Ashcroft*, 543 U.S. 1 (2004), where the Court held that driving under the influence of alcohol, even though the crime in suit involved serious physical injury to the victim, did not constitute a crime of violence under 18 U.S.C. § 16 because the statutory term "crime of violence" implied a higher degree of *mens rea* than the negligence or recklessness implicit in a DUI offense. Therefore Leocal's DUI conviction would not support deportation under 8 U.S.C.S. § 1227(a). The only possible application to this case lies in the Supreme Court's reinforcement of the "categorical"[1] approach when analyzing a conviction. Under that approach, a court must look to the elements of the crime as defined by the law prohibiting the offense conduct, rather than to the offense as actually committed.

*Leocal* offers Brown no support. Brown's underlying offense is armed bank robbery in violation of 18 U.S.C. § 2113(d). That is not a crime which has a negligence or recklessness *mens rea* as was the case in *Leocal*. As the Report notes, the Sixth Circuit has expressly held that

> [T]he holding in *Davis* has no effect on Wilkerson's convictions or sentence because § 2113(a) qualifies as a crime of violence under the use-of-force clause of 18 U.S.C. § 924(c)(3)(A)[the "elements' clause]. See *United States v. Henry,* 722 F. App'x 496, 500 (6th Cir. 2018), cert. denied, 139 S. Ct. 70, 202 L. Ed. 2d 47 (2018); see also *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (analyzing the use-of-force clause of USSG § 4B1.2(a)(1)).

(Report, ECF No. 42, PageID 137, quoting *In re Wilkerson,* 2020 U.S.App. LEXIS 14511 *2-3(6th Cir. May 6, 2020)).

Brown next claims that the Report's analysis "violates the Seperation [sic] of Powers," citing *Sessions v. Dimaya*, 584 U.S. ___, 138 S. Ct. 1204 (2018). In that case the Supreme Court held unconstitutionally vague 18 U.S.C. § 16(b). § 16 as a whole provides:

---

[1] The Court does not use the word "categorical," but it takes an approach consistent with that analysis.

6

> The term "crime of violence" means—
> **(a)**
> an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> **(b)**
> any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Thus § 16 substantially parallels § 924(c)(3). But the Court only invalidated § 16(b); nothing in its opinion suggests § 16(a) is unconstitutional or cannot be severed from § 16(b) without somehow violating the separation of powers doctrine.

Brown also relies on *Leavitt v. Jane L.,* 518 U.S. 137 (1996). In that case the Tenth Circuit Court of Appeals invalidated a late-term abortion regulation on the grounds that it was not severable from an early-term regulation, based on the circuit court's reading of Utah's severability doctrine. The Supreme Court reversed and held severability was consistent with the expressed intent of the Utah legislature. Brown does not explain how this decision upholding severability supports his claim that § 924(c)(3)(B) and 924(c)(3)(B) are not severable.

In sum, Brown's first Objection is without merit: he has produced no persuasive authority to show that § 924(c)(3)(A) and 924(c)(3)(B) are not severable, that the First Amendment overbreadth doctrine applies to those statutes, or that armed bank robbery in violation of 18 U.S.C. § 2113 is not a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A).

> **Objection Two**: "Mr. Brown objects to the Magistrate's "conclusion" that the motion to Vacate is without merit and should be denied on that basis."

(Objections, ECF No. 48-1, PageID 163.)

Brown's second objection essentially asserts the Magistrate Judge should have ordered the United States to answer to discuss the constitutionality of § 924(c)(3)(A) in light of the invalidation of § 924(c)(3)(B) in *Davis*. However, the Court is not in doubt as to the constitutionality of § 924(c)(3)(A) nor of its lawful application to uphold the conviction in this case. Brown's § 2255 Motion to Vacate essentially presents a legal question which can be resolved without requiring the United States to answer, precisely the process envisioned by Rule 4. While, as the Report notes, *Davis* is a new rule of constitutional magnitude applicable to cases on collateral review, it does not proscribe punishment under § 924(c)(3)(A) of persons convicted, as Brown was, of a crime of violence as defined in that section.

> **Objection Three:** Mr. Brown objects to the Magistrate's analysis regarding the use of circuit court precedent similar to that of the Fifth Circuit Court of Appeals at the time that Davis was decided.

(Objections, ECF No. 48-1, PageID 166.)

In this Objection, Brown claims he somehow did not receive the full benefit of 28 U.S.C. § 2255(f)(3) because the Magistrate Judge did not take account of the fact that the decision in *Davis* invalidated all of Davis's conviction.

*Davis* was before the Supreme Court on review of the Fifth Circuit's decision at *United States v. Davis,* 903 F.3d 483 (5th Cir. 2018), where the Fifth Circuit had held that, although § 924(c)(3)(B) was unconstitutionally vague, Hobbs Act robbery constituted a crime of violence under the elements clause (§ 924(c)(3)(A)) and the convictions could be sustained on that basis, although conspiracy to commit a Hobbs Act robbery would not sustain enhanced punishment under § 924(c)(1)(A). The Supreme Court did not vacate the conviction, but remanded for the Fifth Circuit to consider the case in light of its decision. Although it noted the Fifth Circuit's affirmance

8

under the elements clause, it offered no opinion on the validity of that position. Indeed, the Court had granted certiorari on the Government's petition because it had lost in the Fifth Circuit on the issue of whether § 924(c)(3)(B) was unconstitutional.

At the end of his Objections, Brown argues that *Davis* states a new rule of constitutional law that is substantive, not procedural. The Report accepted that argument (ECF No. 42, PageID 136, citing *In re Franklin,* 950 F.3d 909, 910 (6th Cir. 2020)) and the Court agrees. But Brown then proceeds to infer from that interpretation that *Davis* immunizes his conduct from liability (Objections, ECF No. 148-1, PageID 168). The Court disagrees. *Davis* is indeed retroactively applicable to cases on collateral review, but it narrows the range of conduct punishable under § 924(c)(1)(A) only by eliminating conduct punishable by virtue of the residual clause. As the Report notes, Hobbs Act robbery satisfies the elements clause (ECF No. 42, PageID 137, citing *Wilkerson, supra*.)

At the end of his Objections, Brown relies on *Ex parte Siebold*, 100 U.S. 371 (1880), for the proposition that conviction under an unconstitutional statute "is not merely erroneous, but illegal and void and cannot be a cause of imprisonment" (ECF No. 148-1, PageID 169). Brown accurately quotes Justice Bradley's opinion, but in *Siebold* the Court held that the Congressional Act providing for federal supervision of Congressional elections was constitutional and it upheld the criminal convictions of the persons who had interfered with the election of a Maryland Congressman by stuffing the ballot box. While Brown accurately quotes *Siebold*, it is no precedent for overturning Brown's conviction in this case.

**Conclusion**

Having considered all of Brown's objections, the Court OVERRULES them and ADOPTS the Magistrate Judge's Report and Recommendations.  The Motion to Vacate is DENIED and the Clerk will enter judgment to that effect.  Because reasonable jurists would not disagree with this conclusion, Brown is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 27, 2020                                                                                       *s/Thomas M. Rose

                                                                                    _____
                                                                                       Thomas M. Rose
                                                                                    United States District Judge